UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIS GILLENTINE and DEBRA GILLENTINE,<br><br>  Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 1:23-cv-02000<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

**NOW COMES** WILLIS GILLENTIENE and DEBRA GILLENTINE (collectively, "Plaintiffs"), by and through the undersigned counsel, complaining as to the conduct of PHH MORTGAGE CORPORATIONS ("PHH") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper under 28 U.S.C. § 1391(b) as Plaintiffs reside in the Northern District of Illinois and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Northern District of Illinois.

4. Joinder of Plaintiffs claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact.

## PARTIES

5. Plaintiffs are natural persons, over 18-years-of-age, who at all times relevant owned and resided at the property located at 11626B Church Rd., Yorkville, IL 60560 ("subject property").

6. Defendant PHH is a New Jersey corporation with its principal place of business at 3000 Leadenhall Rd., Mt Laurel, New Jersey 08054. PHH is a mortgage loan servicer and services loans issued to Illinois consumers. PHH is a furnisher of information to the major credit reporting agencies, including Experian.

7. Defendant Experian is a consumer reporting agency that maintains credit information on millions of consumers and U.S. businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

8. In December 2022, Willis and Debra Galantine's mortgage was transferred to First Centennial Mortgage Corporation ("First Centennial") from PHH.

9. On December 22, 2022, PHH sent Plaintiffs a Notice of Servicing Transfer to First Centennial stating that the date of service transfer will occur on January 10, 2023 and that all following payments will be sent to First Centennial.

10. During this process, Plaintiffs noticed that PHH had marked their account ("subject account") as "90 days past due date," on each of their consumer credit files, despite never missing a payment with PHH.

11. Subsequently thereafter, Plaintiffs notified PHH regarding the subject account being reported as 90 days past due and asked PHH to correct this inaccurate information.

12. On January 11, 2023, PHH responded to Plaintiffs request by stating "[f]or this account, the repurchase took place in October 2022 and the payments after September 2022 must go to the new servicer. To avoid payments being applied to the account, the payments from October 2022 through December 2022 were placed in the suspense account and will be transferred to the new servicer. Please be assured that no late charges were assessed, and the account was not reported delinquent to the credit bureaus."

13. Despite assurance from PHH, PHH failed to remove the inaccurate status of Plaintiffs accounts of "90 days past due date," from their credit reports.

14. On or around January 20, 2023, Plaintiffs initiated a written credit dispute with Experian. Plaintiffs provided Experian with bank statements showing that payments were made to PHH for the months of October, November and December 2022. Plaintiffs also requested Experian to correct the subject account to accurately reflect that the subject account was in good standing, and that it is not past due.

15. Upon information and belief, PHH received notice of Plaintiffs' dispute within five days of Plaintiffs initiating the dispute with Experian. *See* 15 U.S. Code § 1681i(a)(2).

16. On January 25, 2023, Experian mailed Plaintiffs a letter stating that their investigation was complete, the Defendants verified the account as accurate, and re-reported the inaccurate and misleading status of the subject account as "90 days past due date."

3

17. Experian failed to reasonably investigate Plaintiff's credit dispute. In spite of the fact that the subject account was never past due, and despite PHH assuring Plaintiffs that the account was not past due, PHH continued to report the subject account as "90 days past due date" on Plaintiffs' Experian consumer credit files.

18. The reporting of the PHH trade line as "90 days past due date" is patently inaccurate and materially misleading because Plaintiffs had never been late on its monthly payments. Additionally, PHH mailed Plaintiffs a letter stating that the account was not past due and that the account would not be reported to major credit bureaus as delinquent.

19. Any reasonable investigation engaged by Defendants would and should have revealed the materially misleading nature of the information on Plaintiffs consumer credit reports.

20. Defendants' materially misleading conduct has severely disrupted Plaintiffs' daily lives and general well-being as Plaintiffs constantly feared their creditworthiness was in jeopardy.

21. Concerned about the violations of their rights, Plaintiffs were forced to seek the assistance of counsel to file this action to prevent Defendants from further deception in the future.

## DAMAGES

22. The erroneous reporting of the subject account paints a false and damaging image of Plaintiffs. Specifically, the inaccurate reporting of the PHH trade line has had a significant adverse impact on Plaintiffs' credit rating and creditworthiness because it misleads creditors into believing that Plaintiffs cannot honor their financial obligations, and are high-risk consumers.

23. Due to Defendants' inaccurate and materially misleading reporting of the subject account, Plaintiffs had their Bank of America line of credit reduced substantially. On January 17, 2023, Plaintiffs received an email from Bank of America stating that it reduced the credit line on Plaintiffs' credit card.

24. As a result of Defendants' conduct, Plaintiffs have suffered significant damages, including: increased cost of credit, humiliation, loss of time disputing the inaccurate reporting, time expended monitoring their credit files and sending credit disputes, mental anguish, emotional distress, lack of sleep, and anxiety.

25. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to their ability to regain a firm foothold on their creditworthiness, credit standing, and credit capacity.

26. Due to the conduct of Defendants, Plaintiffs were forced to retain counsel to correct the inaccuracies in their Experian credit file.

### COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST PHH)

27. Plaintiffs restates and reallages paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiffs are a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

29. PHH is a "person" as defined by 15 U.S.C. § 1681a(b).

30. PHH is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2 and a "financial institution" as defined by 15 U.S.C. § 1681a(t).

31. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

32. PHH violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiffs.

33. PHH violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiffs pursuant to 15 U.S.C. § 1681i(a)(2).

34. Had PHH reviewed the information provided by Experian and Plaintiffs, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to Experian. Instead, PHH wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

35. PHH violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiffs' dispute with Experian.

36. PHH violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

37. PHH violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, correct, or permanently block the inaccurate information in Plaintiffs' Experian credit file.

38. PHH failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or correct the inaccurate information from Plaintiffs' Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. § 1681i(a)(1).

39. Despite the blatantly obvious error in Plaintiffs' Experian credit files, and Plaintiffs' efforts to correct the error, PHH did not correct the error or trade line to report accurately. Instead, PHH wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiffs' dispute to one or more third parties.

40. A reasonable investigation by PHH would have confirmed the veracity of Plaintiffs' dispute, yet the inaccurate information remains in Plaintiffs' Experian credit file.

41. Had PHH taken steps to investigate Plaintiffs' valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

42. By deviating from the standards established by the debt collection industry and the FCRA, PHH acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

43. As such, Plaintiffs were severely harmed by PHH's conduct.

**WHEREFORE**, Plaintiffs, WILLIS and DEBRA GILLENTINE, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing PHH to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiffs actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

44. Plaintiff restate and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

46. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

47. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d).

48. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

49. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

50. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

51. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

52. Plaintiff provided Experian with all relevant information in their request for investigation to reflect that Plaintiff was not 90 days past due and that PHH trade line should be corrected reflect that the account is in good standing.

53. Experian prepared Plaintiffs' credit reports containing inaccurate and materially misleading information by not only reporting the subject account as 90 days past due, but also failed to properly investigate Plaintiffs' dispute after being put on notice.

54. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff to one or more third parties.

55. Experian violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently correct the information in Plaintiffs' credit files.

56. Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiffs' dispute to PHH. Upon information and belief, Experian also failed to include all relevant information as part of the notice to PHH regarding Plaintiffs' dispute that Experian received from Plaintiffs.

57. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

58. Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiffs' disputes.

59. Experian violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from PHH that the information was complete and accurate.

60. Experian knew that the inaccurate reporting of the subject account would have a significant adverse impact on Plaintiffs' creditworthiness and their ability to receive financing and/or credit opportunities.

61. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

62. Despite actual knowledge that Plaintiffs' credit files contained erroneous information, Experian readily sold and disseminated Plaintiffs' inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiffs and, ultimately, Plaintiffs' creditworthiness.

63. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

64. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

65. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiffs' credit files and reporting their credit information accurately.

66. Experian acted reprehensively and carelessly by reporting and re-reporting the subject account being 90 days past due after Plaintiff put Experian on notice that the trade line was to be corrected.

67. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in

such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

68. As stated above, Plaintiffs were severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiffs, WILLIS and DEBRA GILLENTINE, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs' demand a trial by jury.**

Date: March 30, 2023　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Marwan R. Daher*
　　　　　　　　　　　　　　　　　　　　　　　　　　Marwan R. Daher, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　　　　2500 S. Highland Ave., Ste. 200
　　　　　　　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (630) 575-8188
　　　　　　　　　　　　　　　　　　　　　　　　　　mdaher@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*